JOHN C. LYNN
Attorney at Law
776 E. Riverside Dr., Ste. 240
Eagle, ID   83616
Phone:  208.685.2333
john@johnlynnlaw.com
ISB #1548

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE STATE OF IDAHO

| | |
|---|---|
| SHERRI L. SCHRUDER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| ARCHIE BANBURY, Valley County Clerk, in his individual and official capacities, | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| and | ) |
| TAMI RHODES, Valley County Human Resources Director, in her individual and official capacities, | ) |
| and | ) |
| GLENNA YOUNG, Valley County Treasurer, in her individual and official capacities, | ) |
| and | ) |

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

| | |
|---|---|
| GORDON CRUICKSHANK and RAY MOORE, Valley County Commissioners, in their individual and official capacities, | ) ) ) ) ) |
| and | ) ) |
| VALLEY COUNTY, IDAHO, a political subdivision of the State of Idaho, | ) ) ) ) ) |
| and | ) ) |
| JOHN DOES I-XX, | ) ) |
| Defendants. | ) ) |

COMES NOW The above-named Plaintiff, by and through her attorney, JOHN C. LYNN, and hereby states the following claims against the Defendants.

## INTRODUCTION

This is an action for damages as a result of Plaintiff's termination of public employment by Defendants and their subsequent failure to reinstate her.  Plaintiff makes claim for federal and state procedural and substantive constitutional due process and 'free speech' violations.

## JURISDICTION AND VENUE

1. This Court has jurisdiction based on federal questions.

2. The federal causes of action arise under the Constitution and the laws of the United States, including 42 U.S.C. §1983.  Jurisdiction is conferred on this Court through 28 U.S.C. §§1331, 1343.

3. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

4. The amount in controversy, exclusive of interest and costs, exceeds the minimum jurisdiction amount for this Court.

5. Under 28 U.S.C. §1391(b) and the local rules of this Court, venue is proper in the District of Idaho, Southern Division.

## PARTIES

6. Plaintiff is an adult citizen of the State of Idaho, residing in Valley County, Idaho.

7. Defendant Archie Banbury, at all times relevant to this lawsuit, was the elected Valley County Clerk; this Defendant is sued in his individual and official capacities.

8. Defendant Tami Rhodes, at all times relevant to this lawsuit, was the Director of Human Resources for Valley County; this Defendant is sued in her individual and official capacities.

9. Defendant Glenda Young, at all times relevant to this lawsuit, was the elected Valley County Treasurer; this Defendant is sued in her individual and official capacities.

10. Defendants Gordon Cruickshank and Ray Moore, at all times relevant to this lawsuit, were Commissioners for Valley County; these Defendants are sued in their individual and official capacities.

11. Defendant Valley County is a political subdivision of the State of Idaho.

12. Defendants John Does I – XX are unknown agents, officers and/or employees of Valley County or third parties who are sued in their individual and official capacities.

13. All acts and omissions alleged herein by all Defendants, known or unknown, were done within the course and scope of their official duties and under color of state law.

**GENERAL FACTUAL ALLEGATIONS**

14. Plaintiff was employed as a full-time Deputy Treasurer for the Defendant County prior to her termination of employment on or about August 8, 2011.

15. Plaintiff enjoyed an expectation of continued employment with Valley County, subject to good cause for termination.

16. Plaintiff also enjoyed an expectation of reinstatement in the event of a layoff as a result of a legitimate reduction in force.

17. On August 2, 2011, Plaintiff was notified by an employee of the Building Department that a live bat was present in the building and it was upsetting the staff; this was a recurring problem.

18. Plaintiff sent an electronic mail transmission to the County Commissioners, with a copy also sent to Defendant Banbury, notifying them of the bat problem.

19. Shortly thereafter, Defendant Banbury appeared at Plaintiff's work station in a very angry and agitated state.

20. In a public, demeaning and rude manner, Defendant Banbury criticized Plaintiff for sending the electronic mail transmission to the County Commissioners and informed her that he, Banbury, was the chain of command for these issues.

21. Later that day, Plaintiff called Defendant Cruickshank and advised him of Defendant Banbury's overreaction to Plaintiff's notice of the bat issue;  Defendant Cruickshank told Plaintiff  "not to worry about it".

22. On or about August 8, 2011, Plaintiff met with Defendants Rhodes and Young and was informed that she has being layed off as a result of a "reduction in force";  Defendant Young, Plaintiff's supervisor, told Plaintiff that she knew nothing about the layoff until that day.

23.  Plaintiff's termination was at the direction of Defendant Banbury and approved and/or acquiesced by Defendants Rhodes, Young, Cruickshank and Moore.

24.  Plaintiff was provided with no explanation as to the reasons for her layoff; she was replaced by an employee from the Valley County Clerk's Office.

25.  Plaintiff was subsequently advised by Defendant Rhodes that Plaintiff's layoff was not subject to the appeal procedures provided in the Valley County Personnel Manual.

26.  Subsequent to Plaintiff's termination, she applied for four (4) positions with Defendant Valley County – a Deputy Clerk position with the Sheriff's Office, a Plat Clerk position with the Assessor's Office, Deputy Recorder's position with the Recorder's Office and a Senior Deputy Treasurer in the Treasurer's Office;  Plaintiff's applications were rejected.

## FEDERAL CLAIMS

## COUNT I

## TERMINATION WITHOUT DUE PROCESS

27.  Plaintiff incorporates the foregoing paragraphs of this Complaint.

28. Plaintiff's employment status with Valley County and expectation of continued employment therewith, subject to good cause for termination, created a constitutional property interest in her employment with Defendant Valley County.

29.  The ostensible grounds justifying Plaintiff's layoff were false and pretextual, and thus Plaintiff's termination was arbitrary and capricious.

30.  The termination of Plaintiff's employment with Valley County violated Plaintiff's rights to procedural and substantive due process of law.

31. By failing to provide due process, the Defendants Banbury, Rhodes, Young, Cruickshank and Moore violated clearly-established law of which a reasonable person would have known.

32. The acts and omissions committed by the individually-named Defendants were done with reckless disregard and callous indifference to Plaintiff's constitutional rights.

33. The termination of Plaintiff's employment constituted the official policy of Defendant Valley County.

34. As a direct and proximate result of the deprivation of these constitutional rights, all Defendants are liable to Plaintiff for damages caused thereby, pursuant to Title 42, Section 1983 of the United States Code.

35. As a direct and proximate result of the violation of these constitutional rights, Plaintiff has suffered and will continue to suffer direct and consequential losses and damages as a result of his wrongful termination of employment in amounts to be proven at trial.

## COUNT II

### FAILURE TO REINSTATE WITHOUT DUE PROCESS

36. Plaintiff incorporates the foregoing paragraphs of this COMPLAINT.

37. Plaintiff's employment status with Valley County also created a constitutional property interest in reinstatement rights subsequent to a layoff from a legitimate "reduction in force".

38. Plaintiff was not provided any hearing or process in regard to the four (4) positions she applied for, but was rejected from, subsequent to her termination.

39. The failure to provide a hearing or process was arbitrary and capricious.

40. The failure to provide a hearing or process violated Plaintiff's right to procedural and substantive due process of law.

41. By failing to provide due process, the Defendants Banbury, Rhodes, Young, Cruickshank and Moore violated clearly-established law of which a reasonable person would have known.

42. The acts and omissions committed by the individually-named Defendants were done with reckless disregard and callous indifference to Plaintiff's constitutional rights.

43. The failure to provide a hearing constituted the official policy of Defendant Valley County.

44. As a direct and proximate result of the deprivation of these constitutional rights, all Defendants are liable to Plaintiff for damages caused thereby, pursuant to Title 42, Section 1983 of the United States Code.

45. As a direct and proximate result of this wrongful failure to reinstate, Plaintiff has suffered and will continue to suffer direct and consequential losses and damages as a result of his wrongful termination of employment in amounts to be proven at trial.

## COUNT III

## VIOLATION OF CONSTITUTIONAL 'FREE SPEECH'

46. Plaintiff incorporates the foregoing paragraphs of this COMPLAINT.

47. Plaintiff's voiced concerns over the presence of a live bat in the building Department constituted 'protected speech' under the First and Fourteenth Amendments to the United States Constitution.

48. The acts and omissions of the individually-named Defendants in terminating Plaintiff's employment and subsequently failing to reinstate her constitute retaliation for the expression of constitutionally 'protected speech' under federal law.

49. The acts and omissions committed by the individually-named Defendants were done with reckless disregard and callous indifference to Plaintiff's constitutional rights.

50. The acts and omissions above described constituted the official policy of Defendant Valley County.

51. By retaliating against Plaintiff's 'protected speech', Defendants Banbury, Rhodes, Young, Cruickshank and Moore violated clearly-established law of which a reasonable person would have known.

52. As a direct and proximate result of the deprivation of these constitutional rights, all Defendants are liable to Plaintiff for damages caused thereby, pursuant to Title 42, Section 1983 of the United States Code.

53. As a direct and proximate result of the retaliation for Plaintiff's expression of 'protected speech', Plaintiff has suffered and will continue to suffer direct and consequential losses and damages as a result of this wrongful termination of employment in amounts to be proven at trial.

## STATE LAW CLAIMS

## COUNT I

## TERMINATION WITHOUT DUE PROCESS

54. Plaintiff incorporates the foregoing paragraphs of this Complaint.

55. Plaintiff had a state-recognized property interest in her employment with Defendant Valley County.

56. The individual Defendants Banbury, Rhodes, Young, Cruickshank and Moore violated Plaintiff's property rights under Article I, Sections 1 and 13 of the Idaho Constitution by depriving her of a property interest in employment without due process.

57. The Defendants violated Plaintiff's clearly-established state constitutional rights of which a responsible person would have known.

58. The acts and omissions committed by the individually-named Defendants were done with reckless disregard and callous indifference to Plaintiff's constitutional rights.

59. The termination of Plaintiff's employment constituted the official policy of Defendant Valley County.

60. As a direct and proximate result of the deprivation of these constitutional rights, all Defendants are liable to Plaintiff for damages caused thereby.

61. As a direct and proximate result of the violation of these state constitutional rights, Plaintiff has suffered and will continue to suffer direct and consequential losses and damages as a result of his wrongful termination of employment in amounts to be proven at trial.

## COUNT II

### FAILURE TO REINSTATE WITHOUT DUE PROCESS

62. Plaintiff incorporates the foregoing paragraphs of this COMPLAINT.

63. Plaintiff had a state-recognized property interest in reinstatement with Defendant Valley County under Article I, sections 1 and 13 to the Idaho State Constitution.

64. The individual Defendants Banbury, Rhodes, Young, Cruickshank and Moore violated Plaintiff's property rights under Article I, Sections 1 and 13 of the Idaho Constitution by failing to reinstate her employment without due process.

65. The Defendants violated Plaintiff's clearly established state constitutional rights of which a responsible person would have known.

66. The acts and omissions committed by the individually-named Defendants were done with reckless disregard and callous indifference to Plaintiff's constitutional rights.

67. The failure to reinstate Plaintiff's employment constituted the official policy of Defendant Valley County.

68. As a direct and proximate result of the deprivation of these constitutional rights, all Defendants are liable to Plaintiff for damages caused thereby.

69. As a direct and proximate result of the violation of these state constitutional rights, Plaintiff has suffered and will continue to suffer direct and consequential losses and damages as a result of this wrongful termination of employment in amounts to be proven at trial.

## COUNT III

### RETALIATION AGAINST 'FREEDOM OF SPEECH'

70. Plaintiff incorporates the foregoing paragraphs of this COMPLAINT.

71. Plaintiff's voiced concerns over the presence of a live bat in the building Department constituted 'freedom of speech' under Article I, Section 9 of the Idaho State Constitution.

72. The individual Defendants Banbury, Rhodes, Young, Cruickshank and Moore, violated Plaintiff's 'freedom of speech' rights under Article I, Section 9 of the Idaho State Constitution.

73. The acts and omissions committed by the individually-named Defendants were done with reckless disregard and callous indifference to Plaintiff's constitutional rights.

74. The retaliation against Plaintiff's 'freedom of speech' constituted the official policy of Defendant Valley County.

75. As a direct and proximate result of the deprivation of these constitutional rights, all Defendants are liable to Plaintiff for damages caused thereby.

76. As a direct and proximate result of the retaliation for Plaintiff's expression of 'protected speech', Plaintiff has suffered and will continue to suffer direct and consequential losses and damages as a result of this wrongful termination of employment in amounts to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. For lost economic benefits of employment in an amount to be proven at trial;

2. For general damages in an amount to be proven at trial;

3. For punitive damages and a declaration that the federal and state civil rights of the Plaintiff have been violated by the Defendants, as provided by law;

4. For reasonable court costs and attorney fees pursuant to statute and rule; and

5. For such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Under F.R.C.P. 38, Plaintiff demands trial by jury composed of no less than six (6) persons on all issues, claims and defenses so triable under the Constitution of the United States and applicable statutes.

DATED This 19th day of July, 2013.

_____/s/_____
JOHN C. LYNN
Attorney for Plaintiff